```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                              :
ALAN BROWN,                                   :
                              Plaintiff,      :      **MEMORANDUM**
                                              :      **DECISION & ORDER**
            - against -                       :
                                              :      17-cv-420 (BMC)
NEW YORK CITY DEPARTMENT OF                   :
CORRECTION; THE CITY OF NEW                   :
YORK; OFFICE OF THE COMPTROLLER;              :
and SCOTT M. STRINGER,                        :
COMPTROLLER,                                  :
                                              :
                              Defendants.     :
----------------------------------------------------------- X
```

                                                                                                 C/M

**COGAN**, District Judge.

Plaintiff *pro se* Alan Brown commenced this action pursuant to 42 U.S.C. § 1983 against New York City Department of Correction, the City of New York, New York City Office of the Comptroller, and Scott M. Stringer, the Comptroller, alleging that his constitutional rights were violated when he slipped and fell on a wet floor at Rikes Island Correctional Facility and was subsequently denied medical treatment. The court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons set forth below, the amended complaint is dismissed with leave to amend.[1]

---

[1] Four days after filing the complaint, plaintiff filed an amended complaint on his own accord. Although the amended complaint completely replaces the original complaint, the Court has reviewed each of plaintiff's pleadings with "special solicitude" and interpreted them to raise the "strongest arguments that they suggest." See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-76 (2d Cir. 2006). Therefore, the Court construes the action against all defendants named in both the complaint and amended complaint, and considers the facts alleged in both pleadings.

1

**BACKGROUND**

In September 2014, plaintiff slipped and fell on a wet floor caused by leaking fixtures in a bathroom in the Eric M. Taylor Center on Rikers Island and injured his back. Two weeks later he was sent – the complaint is unclear as to where – for an x-ray, which verified that plaintiff had suffered a mild compression fracture. Plaintiff alleges that he did not receive medical treatment, pain medication, or physical therapy for his back injury. On an unspecified date, he was released from prison.

Upon his return to Rikers Island in December 2015, plaintiff asked for medical treatment for the pain he was still suffering as a result of the 2014 slip and fall, but his request was denied. At some point in time he received "some" medical treatment, but he alleges that such treatment was ineffective and that he still is in a significant amount of pain. He seeks compensation for pain and suffering, which he alleges "was caused by the negligence of the D.O.C. and [the] medical staff at the Eric M. Taylor Center."

**DISCUSSION**

To sustain a claim brought under § 1983, plaintiff must allege that the conduct complained of (1) "[was] committed by a person acting under color of state law," and (2) deprived . . . [him] of rights, privileges or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). Moreover, he must allege the direct or personal involvement of each of the named defendants in the alleged constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010). As an initial matter, the complaint is dismissed as to Scott M. Stringer for failure to allege any personal involvement in the alleged constitutional deprivations. Similarly, the complaint is dismissed as to the New York City Office

of the Comptroller for failure to allege any facts demonstrating that office's involvement in incidents alleged.

Additionally, the complaint is dismissed as to New York City Department of Correction because New York City agencies, such as the Department of Correction, are not suable entities. See N.Y.C. Admin. Code & Charter Ch. 16 § 396; Cuadrado v. New York City Dep't of Corr., No. 08 Civ. 3026, 2009 WL 1033268, at *2 (S.D.N.Y. April 16, 2009) (dismissing the complaint against the New York City Department of Correction because it is not a suable entity).

**I. Slip and Fall Claim**

Liberally construing plaintiff's pleadings, plaintiff has attempted to allege that his Eighth Amendment[2] right to be free from "conditions of confinement" that pose an "excessive risk to inmate health or safety," Farmer v. Brennan, 511 U.S. 825, 837 (1994), was violated because water was left on the floor of the prison bathroom. However, courts have routinely found that allegations of a wet floor that cause a prisoner to slip and fall at most support a finding of simple negligence, and therefore do not reach the level of a constitutional violation required for a § 1983 claim. See, e.g., Martinez v. Schiro, No. 14 Civ. 3965, 2017 WL 87049, at *5 (S.D.N.Y. Jan. 9, 2017) ("As courts in this circuit have regularly found, wet floor conditions that cause a prisoner to slip and fall do not constitute an Eighth Amendment violation."); Hawkins v. Nassau Cty. Corr. Facility, 781 F. Supp. 2d 107, 113 (E.D.N.Y. 2011) ("[T]he alleged water in the shower area does not deprive plaintiff of a basic human need and, thus, cannot as a matter of law give

---

[2] It is not clear from the pleadings whether plaintiff was "convicted" or only "detained" during the time periods relevant to his claims. If plaintiff was detained but not convicted, the Due Process Clause of the Fourteenth Amendment would instead apply to his claims. See Caiozzo v. Koreman, 581 F.3d 63, 69 (2d Cir. 2009). Regardless of whether plaintiff's right originates in the Eighth or the Fourteenth Amendment, the standard for analyzing a pre-trial detainee's Fourteenth Amendment claim is the same as the Eighth Amendment standard. Id. at 72.

3

rise to a constitutional violation that can be brought under Section 1983."); Heredia v. Doe, 473 F. Supp. 2d 462, 463 (S.D.N.Y. 2007) (holding that the allegations of a slip and fall fail to state a cause of action under 42 U.S.C. § 1983). Plaintiff's §1983 claim regarding his slip and fall in 2014 due to a wet floor is therefore dismissed.

II. Denial of Medical Treatment Claim

Plaintiff also seeks to bring a "malpractice" claim for the allegedly inadequate medical care he received at Rikers Island after the slip and fall and upon his re-admittance in December 2015. As currently stated, the complaint fails to state a § 1983 claim regarding his medical treatment for two reasons.

First, defendant has failed to pursue his § 1983 claim for inadequate medical care against any of the individuals who he alleges have deprived him of his rights. Indeed, the only defendant who remains in this action is the City of New York, against which plaintiff cannot pursue this claim. A municipality cannot be liable under § 1983 solely on a theory of *respondeat superior*. Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658 (1978). In order to sustain a § 1983 claim against a municipal defendant, a plaintiff must show the existence of an officially adopted policy or custom that caused his injury. Id. at 692. There are no such allegations here.

Second, malpractice claims "cannot be brought under Section 1983, because they sound in negligence, and mere negligence does not rise to the level of a constitutional tort." Benjamin v. Galeno, 415 F. Supp. 2d 254, 256 (S.D.N.Y. 2005); see also Estelle v. Gamble, 429 U.S. 97, 105-06 (1976) (noting that mere negligence in diagnosis or treatment is insufficient to state a valid Eighth Amendment claim). Thus, plaintiff's § 1983 claim for medical malpractice is dismissed for failure to state a claim on which relief may be granted.

4

To the extent that plaintiff seeks to pursue a § 1983 claim for the deprivation or inadequate provision of medical care, he is granted leave to file an amended complaint. The amended complaint must name the individual defendants who are responsible for the alleged constitutional deprivation and must state a claim of "deliberate indifference to [his] serious medical needs." Estelle, 429 U.S. at 97. To sufficiently allege a claim of deliberate indifference, plaintiff must state facts to support that: (1) he suffered from a "serious medical condition," that is a condition that may "produce death, degeneration, or extreme pain," Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011) (citation and internal quotation marks omitted), and (2) the individual defendants were deliberately indifferent to his serious medical condition, that is they "knew of and disregarded an excessive risk to [defendant's] health or safety . . . " Caiozzo, 581 F.3d at 72 (internal quotation marks and citation omitted).

## CONCLUSION

Accordingly, the complaint is dismissed in its entirety for failure to allege a plausible claim to relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii). In light of plaintiff's *pro se* status, however, he is granted twenty days to further amend his complaint if he has a deliberate indifference claim against the individual correctional officers and/or other members of Rikers Island staff.

Should plaintiff decide to file an amended complaint, it must be submitted within twenty days of this Order, be captioned "Second Amended Complaint," and bear the same docket number as this Order. In the second amended complaint, plaintiff should, to the extent possible, name as proper defendants those individuals who had some personal involvement in the actions he alleges and provide the dates and locations for each relevant event. Even if plaintiff does not know the names of the individuals, he may identify each of them as John Doe or Jane Doe. To

5

the best of his ability, plaintiff must describe each individual and the role she or he played in the alleged deprivation of his rights. Plaintiff is advised that the second amended complaint will completely replace the original complaint and the amended complaint, so plaintiff must include in it any allegations from the two prior complaints that he wishes to pursue against the proper defendants. Further, if plaintiff fails to comply with this Order within the time allowed, the action shall be dismissed and judgment shall enter.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

                                           U.S.D.J.

Dated: Brooklyn, New York
       February 3, 2017